# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD MARELLA, | CASE NO. 1:10-cv-01805 GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| C. HOOVER, et al., | (ECF No. 1) |
| Defendants. | |

**Screening Order**

**I.    Screening Requirement**

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.  Plaintiff's Claim

The events at issue in this action occurred at Corcoran State Prison, where Plaintiff was formerly incarcerated. Plaintiff names as defendants Cassie Hoover, a Licensed Vocational Nurse (LVN) at Corcoran, and "John Doe medical department personnel 1-10." Plaintiff's statement of claim consists of a rambling, narrative statement. Plaintiff alleges that LVN Hoover falsified a legal document. Hoover allegedly indicated that she witnessed Plaintiff doing physical activities that were impossible for him to do. Hoover allegedly enlisted other correctional staff to falsify documents. Plaintiff also alleges that Hoover "told Dr. Ramen to discontinue my pain medication because of false chrono she wrote."

### A.  Eighth Amendment Medical Care Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th

1  Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a
2  purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused
3  by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Where a prisoner is alleging a delay
4  in receiving medical treatment, the delay must have led to further harm in order for the prisoner to
5  make a claim of deliberate indifference to serious medical needs.  McGuckin at 1060 (citing Shapely
6  v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

7  To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under
8  color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal
9  law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives
10 another of a constitutional right, where that person 'does an affirmative act, participates in another's
11 affirmative acts, or omits to perform an act which [that person] is legally required to do that causes
12 the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007)
13 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection
14 can be established not only by some kind of direct, personal participation in the deprivation, but also
15 by setting in motion a series of acts by others which the actor knows or reasonably should know
16 would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

17 The Court finds Plaintiff's allegations to be vague and conclusory.  In order to hold an
18 individual defendant liable, Plaintiff must allege facts indicating that each individual defendant knew
19 of a particular harm to Plaintiff, and acted with deliberate indifference to that harm.  The only
20 individual defendant identified by Plaintiff is LVN Hoover.  Plaintiff alleges that Hoover, a nurse,
21 was responsible for a physician's decision to deny Plaintiff the medication Plaintiff wanted.
22 Specifically, Plaintiff alleges that she entered false information in a legal document and, as a result,
23 Dr. Ramen chose not to prescribe the medication.  Presumably, Dr. Ramen had access to Plaintiff's
24 full medical history, and had the opportunity to examine Plaintiff.  Plaintiff's conclusory allegation
25 that Dr. Ramen's decision was based on incorrect information is not supported by factual allegations.
26 Plaintiff's central claim appears to be a disagreement with Dr. Ramen's decision.  Mere difference
27 of opinion between a prisoner and prison medical staff as to appropriate medical care does not give
28 rise to a section 1983 claim.  Hatton v. Arpaio, 217 F.3d 845 (9th Cir. 2000); Franklin v. Oregon, 662

F.2d 1337, 1344 (9th Cir. 1981).

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. Plaintiff has failed to do so here, and the complaint must therefore be dismissed.

The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;

4

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   **January 6, 2012**                                /s/ **Gary S. Austin**
                                                                                 UNITED STATES MAGISTRATE JUDGE