# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD MARELLA, | 1:10-cv-01805-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |
| v. | (Doc. 8.) |
| C. HOOVER, et al., | |
| Defendants. / | |

**I.    BACKGROUND**

Leonard Marella ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 30, 2010. (Doc. 1.) On January 6, 2012, the Court dismissed Plaintiff's Complaint for failure to state a claim, with leave to amend. (Doc. 11.) On January 30, 2012, Plaintiff filed the First Amended Complaint, which awaits screening by the Court. (Doc. 12.)

On December 8, 2010, Plaintiff consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c), and no other parties have appeared in this action. (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On May 2, 2011, Plaintiff filed a motion for preliminary injunction, which is now before the Court. (Doc. 18.)

## II. PRELIMINARY INJUNCTION

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff has requested a court order requiring defendants at the California Substance Abuse Treatment Facility ("SATF") to cease all harassment, threats, and actions which are harming Plaintiff; to return all of Plaintiff's legal paperwork; to return Plaintiff's personal property or compensate him for property taken; and to move Plaintiff out of the building at SATF where he is housed.

According to the court's record, Plaintiff is no longer housed at SATF. On September 29, 2011, Plaintiff filed a notice of change of address to a street address in Bakersfield, California. (Doc. 10.) Because Plaintiff is likely no longer housed at SATF and subjected to the actions of employees at SATF, his motion for a court order prohibiting those employees' actions and moving him out of the building at SATF is moot. Therefore, Plaintiff's motion shall be denied.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for preliminary injunction relief, filed on May 2, 2011, is DENIED as moot.


IT IS SO ORDERED.

Dated: __February 3, 2012__      _____/s/ Gary S. Austin_____
                                    UNITED STATES MAGISTRATE JUDGE