# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD MARELLA,<br><br>        Plaintiff,<br><br>   v.<br><br>C. HOOVER, et al.,<br><br>        Defendants. | 1:10-cv-01805-GSA-PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983<br>(Doc. 12.)<br><br>ORDER FOR THIS ACTION TO BE SUBJECT TO THE "THREE-STRIKES" PROVISION SET FORTH IN 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE CASE |

### I. RELEVANT PROCEDURAL HISTORY

Leonard Marella ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 30, 2010. (Doc. 1.) On December 8, 2010, Plaintiff consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c), and no other parties have appeared. (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case, including final judgment, until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

The Court screened the Complaint pursuant to 28 U.S.C. § 1915A and entered an order on January 6, 2012, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 11.) On January 30, 2012, Plaintiff filed an Amended Complaint, which is now before the Court for screening. (Doc. 12.)

## II.    SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal 129 S.Ct. at 1949. While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III.   SUMMARY OF AMENDED COMPLAINT

The events at issue in the Amended Complaint allegedly occurred at the California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, while Plaintiff was incarcerated there. Plaintiff names as defendants LVN Cassie Hoover, Physician's Assistant Byers, Dr. Ramen, LVN

1  Talley, LVN Mata, LVN Signh, the California Department of Corrections and Rehabilitation
2  ("CDCR"), and the SATF Medical Department.
3        Plaintiff alleges as follows. Plaintiff had a total hip replacement, which was unsuccessful,
4  resulting in one leg longer than the other. As a result, Plaintiff was given a wheelchair, walker,
5  special shoes, and pain medications. On July 22, 2009, LVN Cassie Hoover falsified a chrono,
6  stating that she witnessed Plaintiff running and doing pull-ups and push-ups, so that Plaintiff's
7  wheelchair and medical appliances would be taken away. LVN Talley, LVN Mata, and LVN Signh
8  had their names placed on LVN Hoover's false chrono as witnesses to Plaintiff doing exercises.
9  Plaintiff claims it was impossible for him to do any of these exercises, because of his medical
10 condition. LVN Hoover also enlisted PA Byers to rescind doctor's orders. Byers falsified
11 documents and made new copies. Plaintiff has the original unaltered documents.
12       On December 18, 2009, Dr. Ramen called Plaintiff in and told him about LVN Hoover's
13 chrono. Plaintiff told Dr. Ramen that he and LVN Hoover do not get along, and the only reason she
14 wrote the chrono was because Plaintiff had refused to give her the wheelchair. Plaintiff also told Dr.
15 Ramen that LVN Hoover was "messing with" his medication. (Amd Cmp, Doc. 12 at 4.) Dr.
16 Ramen stood up and said he was done with Plaintiff. LVN Hoover was present. Dr. Ramen
17 discontinued Plaintiff's pain medications. Plaintiff was then without his wheelchair, walker, and
18 pain medications. Plaintiff was in "extream (*sic*) pain" and had to drag himself around. Id. Then,
19 Dr. Ramen either left or was fired.
20       LVN Hoover made harassing remarks to Plaintiff such as "Are you still alive?" and "I wish
21 you would just die," and ignored Plaintiff's medical needs. Many complaints have been written
22 against LVN Hoover to the nursing board. LVN Hoover enlisted Correctional Officers to harass
23 Plaintiff, and she released Plaintiff's medical records to them "to try to get more time." Id.
24       The CDCR has a responsibility to make sure their employees follow the law, and to check
25 into complaints about their employees. The SATF Medical Department allowed these employees
26 to neglect, harass, and torture inmates they are supposed to help medically.
27       Plaintiff requests monetary damages for physical and emotional harm, and injunctive relief.
28 ///

### IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A. Eleventh Amendment Immunity

Plaintiff names the CDCR and the SATF Medical Department as defendants. Plaintiff is advised that he may not sustain an action against a state agency. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989 (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because the CDCR is a state agency, and the SATF Medical Department is a department in a state prison, they are both entitled to Eleventh Amendment immunity from suit. Therefore, Plaintiff fails to state a claim against defendants CDCR or SATF Medical Department.

### B. Personal Participation and Supervisory Liability

To the extent that Plaintiff seeks to hold individual members of the SATF Medical Department liable in their supervisory capacity, under section 1983, Plaintiff must demonstrate that

4

each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Liability may not be imposed on supervisory personnel under section 1983 on the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Id.; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, No. 09-55233, 2011 WL 477094, at *4-5 (9th Cir. Feb. 11, 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Therefore, Plaintiff fails to state a claim against any of the individual members of the SATF Medical Department in their supervisory capacity.

### C. Eighth Amendment Medical Claim

Plaintiff alleges that defendants Hoover, Ramen, Byers, Talley, Mata, and Signh were deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or

5

it may be shown by the way in which prison physicians provide medical care." Id.  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).  "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment.  Id. at 1060.  "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

Plaintiff has shown that he had a serious medical need, because he suffered pain and had difficulty walking due to unsuccessful hip replacement surgery.  However, Plaintiff has not alleged facts demonstrating that any of the defendants were aware of a substantial risk of serious harm to Plaintiff and deliberately disregarded it.  Plaintiff fails to state when he had the hip replacement surgery, and it cannot be assumed that defendants knew at the time they acted that Plaintiff would suffer extreme pain without his wheel chair, walker, and medications.  Under the facts alleged by Plaintiff, LVN Hoover made false claims to force Plaintiff to give up his wheel chair; defendants Byer, Talley, Mata, and Signh assisted LVN Hoover in falsifying documents; and  Dr. Ramen discontinued Plaintiff's pain medication.  These allegations, without more, do not show that any of the defendants knew that Plaintiff faced a substantial risk of serious harm and deliberately disregarded it.  Plaintiff's central claim appears to be a disagreement with Dr. Ramen's decision. Mere difference of opinion between a prisoner and prison medical staff as to appropriate medical care does not give rise to a section 1983 claim. Hatton v. Arpaio, 217 F.3d 845 (9th Cir. 2000); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Therefore, Plaintiff fails to state a medical care claim under the Eighth Amendment against any of the defendants.

### D. Verbal Harassment

Plaintiff alleges that defendant Hoover made harassing remarks to Plaintiff and enlisted Correctional Officers to harass Plaintiff. Verbal harassment or abuse alone is not sufficient to state a claim under section 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation, Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Therefore, Plaintiff fails to state a claim based on verbal harassment.

### V. CONCLUSION

The Court finds that Plaintiff's Amended Complaint fails to state any claims upon which relief can be granted under § 1983 against any of the defendants. In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the Court. Plaintiff has now filed two complaints without alleging facts against any of the defendants which state a claim under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY ORDERED** that

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED with prejudice for failure to state a claim upon which relief may be granted under § 1983; and
2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and
3. The Clerk is directed to close this case.

IT IS SO ORDERED.

**Dated:   June 6, 2012**               /s/ Gary S. Austin
                                  UNITED STATES MAGISTRATE JUDGE